```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEBRASKA

JON LANE, PATRICIA LANE, and    )
JOHN TWIEHAUS,                  )
                                )
            Plaintiffs,         )        4:04CV3396
                                )
     v.                         )
                                )        MEMORANDUM, ORDER
AMERICAN FAMILY INSURANCE,      )        AND RECOMMENDATION
                                )
            Defendant.          )
                                )
```

The above-captioned declaratory judgment action was filed in this court by the plaintiffs, Jon and Patricia Lane, on December 30, 2004. The plaintiffs' original and first amended complaint request a determination under Nebraska state law of whether, when, and to what extent American Family can assert equitable subrogation rights with respect to amounts received by the Lanes from Firth Cooperative for fire damage to the plaintiffs' home. The plaintiffs' original and first amended complaint allege the plaintiffs are residents of Lancaster County, Nebraska; these filings do not allege the defendant's citizenship or the amount in controversy. Filings 1 & 4, complaint and amended complaint.

On February 2, 2005, the defendant moved to dismiss the federal case for lack of a jurisdictional statement of diversity, and because the same action was already pending in the District Court of Lancaster County. Filing 6. The Lanes responded by moving for leave to file another amended complaint. The Lanes argue that if the proposed amended complaint is filed, the defendant's motion to dismiss will be moot. Filing 17.

The Lanes' proposed amended complaint (filing 14, attachment 1) alleges a first party bad faith insurance claim under Nebraska

law against American Family for its actions and statements related to recovering its subrogation interest; a violation of the Nebraska Insurance Unfair Trade Practices Act, Neb. Rev. Stat. § 44-1525(a); and a violation of the Nebraska Claims Settlement Practices Act, Neb. Rev. Stat. § 44-1540(1)(2).  The proposed amended complaint also alleges that the plaintiffs are residents of Lancaster County, Nebraska (filing 14, attachment 1 ¶ 1); American Family is a Wisconsin corporation (filing 14, attachment 1 ¶ 2); American Family paid $220,000, the amount of its policy limits, for fire damages incurred by the Lanes totaling $428,000 and caused by Firth Cooperative (filing 14, attachment 1 ¶ 5); American Family has no legal right to recover its $220,000 subrogation interest (filing 14, attachment 1 ¶ 19), and this court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

     The plaintiffs' proposed amended complaint also alleges a claim against Firth Cooperative for negligence and requests an award against Firth Cooperative in the amount of $428,000 (filing 14, attachment 1 ¶ 20 and Prayer for Relief ¶ j).  Firth Cooperative is not a named defendant in the proposed amended complaint and its citizenship is not alleged.

     A "Motion/Application for Removal Pursuant to 28 U.S.C. Section 1441" was filed in this case by the Lanes on March 30, 2005.  Filing 16.  Though named a "motion for removal" to federal court, it was filed in the pending federal action the plaintiffs themselves initially filed in federal court.  However, the body of the motion for removal asks to remove to federal court a state court action filed against the Lanes and Nebraska & Energy, L.L.C. by American Family in the District Court of Lancaster County, Nebraska.  The state court case, captioned as <u>American Family v. Nebraska Tire & Energy, L.L.C. and Jon Lane and Patrica</u>

<u>Lane, Husband and Wife</u>, Case No. CI 05-377, was filed on January 27, 2005. The Lanes filed a notice of removal in the Lancaster County District Court on March 15, 2005. Filing 22, attachment 2.

This state court complaint alleges American Family is a Wisconsin Corporation and the defendants are Nebraska citizens. American Family requests declaratory relief and right to subrogation from the defendant Nebraska Tire in the amount of $221,991.15, the amount American Family paid the Lane defendants under a policy of insurance for fire damage to the Lane home. American Family claims these damages were caused by defendant Nebraska Tire. American Family alleges that it named the Lanes as additional defendants pursuant to Ne. Rev. Stat. § 25-318 because the Lanes may be real parties in interest with respect to claims they could assert against Nebraska Tire which were not covered or paid under the terms of the American Family policy. Filing 8, attachment 2.

Nebraska Tire answered the state court complaint, (filing 8, attachment 3), but with respect to the Lanes' notice of removing the state court action to federal court, the plaintiff does not claim and Nebraska Tire has filed nothing to indicate Nebraska Tire joins in or consents to Lanes' removal of this action to federal court. Nebraska Tire is not a defendant in the Lanes' pending federal court case against American Family, nor has Nebraska Tire entered an appearance or requested to intervene in the federal action. Despite the notice of removal filed in state court, and the Lancaster County District Court's entry that the case was transferred to federal court on March 15, 2005 (filing 22. attachments 3-5), the state court action was never filed by the Lanes in federal court.

American Family filed a motion to remand the action originally filed in state court and for costs and attorney fees. Filing 20. American Family argues the case must be remanded because there is nothing to indicate Nebraska Tire joined in the removal; the defendants are both residents of Nebraska, where the state court complaint was pending, and therefore the case cannot be removed to federal court (28 U.S.C. 1441(b); and the Lanes failed to properly file a notice of removal. The Lanes have filed for a second extension of time to respond to the motion for remand.

To summarize, there are essentially two distinct but somewhat interrelated matters before the court: 1) the Lanes' motion for removal, American Family's motion for remand, and the Lanes' request for additional time to respond to the motion for remand; and 2) the defendant's motion to dismiss and plaintiff's motion to file a second amended complaint.

1. Removal and Remand of <u>American Family v. Nebraska Tire & Energy, L.L.C. and Jon Lane and Patrica Lane, Husband and Wife</u>, Case No. CI 05-377, filed in the District Court of Lancaster County, Nebraska.

As to <u>American Family v. Nebraska Tire & Energy, L.L.C. and Jon Lane and Patrica Lane, Husband and Wife</u>, Case No. CI 05-377, although the Lanes filed a notice of removal in the District Court of Lancaster County, Nebraska, they never filed that state court action in federal court. Removal is not accomplished by filing a motion to remove a state court action in a separate and already pending federal case, nor can such a procedure be considered a proper method for consolidating into one forum two

lawsuits arising from the same facts.[1]  Since the purportedly removed state court action was never filed in federal court, it does not exist in this forum.  The defendant's motion for remand must therefore be denied because this court has nothing to remand.[2]

From the state court record before me, it appears that based on the Lanes' representations to the District Court of Lancaster County, that court reasonably believed <u>American Family v. Nebraska Tire & Energy, L.L.C. and Jon Lane and Patrica Lane, Husband and Wife</u>, Case No. CI 05-377, was filed, pending, and progressing in federal court.  In order to correct this misperception, I shall order the clerk's office to mail a copy of this memorandum and order to the Lancaster County District Court Judge Jeffre Cheuvront.

As to American Family's request for attorney fees related to the motion for remand, I conclude that although this court labored to sort out the problem created by the Lanes' act of

---

[1] This case demonstrates why the notice of removal and state court pleadings must filed as a separate suit in this forum and consolidated, if at all, by subsequent motion and court order.  Nebraska Tire is not a party to the above-captioned federal case, and consolidating the state pleadings into an action where Nebraska Tire is not a party effectively denies Nebraska Tire's due process right to respond to the Lanes' motion to remove and their attempt to consolidate the lawsuits.

[2] I would note, however, that even if the Lane defendants had filed a notice of removal and the state court pleadings as a separate action in this forum, there remains nothing in the record to indicate that Nebraska Tire consented to the removal.  Where there are multiple defendants, removal is not effective absent the unanimous consent of all the defendants.  <u>Thorn v. Amalgamated Transit Union</u>, 305 F.3d 826, 833 (8th Cir. 2002)(citing <u>Marano Enters. of Kan. v. Z-Teca Rests., L.P</u>., 254 F.3d 753, 754 & n. 2 (8th Cir. 2001)).

advising the state court that the state case was removed while failing to file the case in federal court, it was the state court that was misled, not this court.  I shall therefore deny American Family's request for attorney fees without prejudice to its refiling a motion for such relief in the District Court of Lancaster County.

I shall deny the Lanes' motion for additional time to file a response to American Family's motion for remand.  A brief cannot correct the Lanes' procedural errors and failure to remove the state case to federal court.

2.   <u>The Defendant's Motion to Dismiss/Plaintiff's Motion to File a Second Amended Complaint.</u>

The Lanes' original (and first amended) complaint in this forum seeks a judgment declaring that American Family is not entitled to subrogation.  As American Family argues, these complaints failed to allege a basis for federal subject matter jurisdiction.  Though seeking relief on state law grounds, the Lanes did not allege American Family's state of incorporation or principal place of business or the amount in controversy.  Therefore, unless permitted to file a second amended complaint to correct these pleading defects, the Lanes' case is subject to dismissal for lack of subject matter jurisdiction.

The Lanes have moved to file a second amended complaint (titled a first amended complaint as attached to the motion).  The proposed amended complaint alleges that the plaintiffs are Nebraska citizens, American Family is a Wisconsin corporation, and the amount in controversy is $428,000 (greater than $75,000).  The proposed second amended complaint also supplements the Lanes' allegations against American Family by adding a first party bad faith insurance claim and claims arising under Nebraska statutory

law. The proposed amended complaint also adds a negligence claim and right to recover damages against Firth Cooperative.

However, the Lanes' proposed amended complaint does not name Firth Cooperative as a defendant and fails to allege Firth Cooperative's state citizenship. The proposed amended complaint therefore fails, on its face, to correctly name the defendants or allege complete diversity, a jurisdictional requirement for exercising federal subject matter jurisdiction.

I shall therefore deny the Lanes' motion to file the proposed amended complaint. The Lanes' proposed amended complaint added the jurisdictional allegations missing in the original and first amended complaints, but it also added new jurisdictional problems.

I have considered whether to grant the Lanes additional leave to file an amended complaint in this forum and have decided to not permit further amendments. American Family and the Lanes are already adverse parties in the state court action. Any state law theories of damage recovery the Lanes may wish to pursue against American Family arise from the same facts already at issue in that suit, the statute of limitations has not run as to those claims, and the Lanes can pursue full adjudication of the entire matter in the state court forum. Duplicating some claims and raising new claims against American Family in this forum creates piecemeal litigation and the risk of inconsistent rulings, which is wholly contrary to the goal of fair and efficient administration of justice.[3]

---

[3] I seriously doubt that the myriad of suits and claims for recovery could be consolidated into a federal forum. None of the claims brought by any of the parties seeks recovery based on federal law. Therefore any federal subject matter jurisdiction

IT THEREFORE HEREBY IS RECOMMENDED to the Honorable Richard G. Kopf, United States District Judge, pursuant to 28 U.S.C. §636(b)(1)(B), that the defendant's motion to dismiss, filing 6, be granted.

The parties are notified that a failure to object to this recommendation in accordance with the local rules of practice may be held to be a waiver of any right to appeal the district judge's adoption of this recommendation.

IT IS FURTHER HEREBY ORDERED:

1. The plaintiff's motion for removal, filing 16, is denied.

2. As to defendant's filing 20 motion:

    a. The motion for remand is denied, and

    b. The motion for an award of costs and attorney fees related to the defendant's motion for remand is denied without prejudice to the defendant's right to reassert this claim for relief in the District Court of Lancaster County, Nebraska.

---

must be based on diversity.

As to the suit filed by the Lanes, the Lanes' proposed complaint indicates they now intend to seek recovery from Firth Cooperative. It is highly likely that Firth Cooperative is a Nebraska entity with its principal (and probably only) place of business in Nebraska. Even if I granted the Lanes additional leave to file an amended complaint, I do not believe those amendments could correct the subject matter jurisdiction issues in this case because adding Firth Cooperative as a defendant would destroy complete diversity.

As to the suit filed against the Lanes and Nebraska Tire in state court, Nebraska Tire has not consented to removal and even if it did so now, the thirty-day deadline for removal has passed.

Simply stated, there are multiple obstacles to obtaining federal jurisdiction over all the litigation arising from the fire damage to the Lanes' home; any jurisdiction this court would exercise could only encompass part of the case; and a Nebraska forum is certainly capable of adjudicating the entirety of this case, especially where every theory of recovery arises under Nebraska law.

3.  The plaintiffs' motion for an extension of time to file a brief in response to the motion for remand, filing 26, is denied.

4.  The plaintiffs' motion for leave to amend their complaint, filing 14, is denied.

5.  The clerk is hereby directed to promptly mail a copy of this order to the Honorable Jeffre Cheuvront, District Court Judge for the Lancaster County, Nebraska District Court.

DATED this 13th day of May, 2005.

BY THE COURT:

s/ *David L. Piester*
David L. Piester
United States Magistrate Judge